## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION



| | |
|---|---|
| ELGIE L. LONG, SR., and<br>WILLIE A. LONG<br>husband and wife<br>103 South Arlington<br>Independence, Missouri 64053-1257<br><br>and<br><br>ELGIE L. LONG, JR.<br>6714 South Shippy Road<br>Blue Springs, Missouri 64014-7171<br><br>Plaintiffs<br><br>vs.<br><br>CROSS REPORTING SERVICE, INC.<br>a Kansas corporation registered to do business<br>in Missouri<br>serve registered agent:<br>    James A. Leacock<br>    110 South Main Street<br>    Independence, Missouri 64050-3703<br><br>WILLIAM V. DENTON<br>Certified Shorthand Reporter<br>9002 W 101st Terrace<br>Shawnee Mission, Kansas 66212-4220<br><br>HON. JAY A. DAUGHERTY, Judge, Div. 13<br>Jackson County Courthouse<br>308 West Kansas<br>Independence, Missouri 64050-3778<br><br>CARI FRANKE WALSH, ESQ.<br>Franke & Schultz, P.C.<br>911 Main Street - 21st Floor<br>Kansas City, Missouri 64105-5330 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

01-1111-CV-W-6

Case No.

| | |
|---|---|
| RHONDA S. LOEPPKE, ESQ. | ) |
| 19401 E. 40 Highway, Suite 145 | ) |
| Independence, Missouri 64055-5403 | ) |
| | ) |
| Defendants | ) |

## COMPLAINT UNDER 42 U.S.C. §1983

COME NOW Plaintiffs Elgie L. Long, Sr., his wife Willie A. Long and their son Elgie L. Long, Jr. ("Plaintiffs") and for their complaint herein against Defendants Cross Reporting Service, Inc. ("Cross"), William V. Denton, CSR ("Denton") the Honorable Jay A. Daugherty ("Daugherty"), Cari Franke Walsh, Esq. (ns"Walsh") and Rhonda S. Loeppke, Esq. ("Loeppke") state and show the Court as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343. Venue lies in this Court under 28 U.S.C. §1391(b) and 28 U.S.C. §105(b)(1), as a substantial part of the acts giving rise to the claims stated herein occurred in Independence, Jackson County, Missouri.

### GENERAL

2. Plaintiffs filed an action in the Sixteenth Judicial Circuit of Missouri in Independence for desecration of the body of their deceased son and brother by funeral directors and embalmers, in that a Rolex watch comprising part of decedent's *persona* and precious to Plaintiffs was removed from the body before the funeral while the body was in the possession of bailees (Elgie L. Long, Sr., *et al.* v. Funeral Directors Service, Inc., *et al.*, Case No. CV97-26985). Party defendants in that action have sought and still

seek to defend by disclosing prohibited material in violation of §191.656 of the Revised Statutes of Missouri. Said parties defendant are represented by Walsh and Loeppke.

3. Daugherty is the current judge in the said action. He has acted in clear absence of jurisdiction by ordering Cross and Denton, court reporters, to transcribe and distribute transcripts containing such prohibited material, in that such order is expressly prohibited by §191.657 of the Revised Statutes of Missouri. A copy of the order is attached.

4. Plaintiffs have sought writs against previous judicial threats of such orders and other judicial threats of retaliation against Plaintiffs should they fail to comply with such orders and unless they otherwise facilitate and consent to the disclosure and re-disclosure of such prohibited material. Plaintiffs shall again request a writ, but such appears to be a futile gesture.

5. Plaintiffs have filed for injunctive relief against those who threaten to make or order the prohibited disclosures in the course of the underlying case (Elgie L. Long, Sr., *et al.* v. Cross Reporting Service, Inc., *et al.*, Case No. 01CV205624). However, without notice to Plaintiffs, the case for injunction was assigned to the judge presiding over the underlying case. Hence the trial judge was judge in an action in which he was defendant. When the underlying case was transferred to Daugherty, the action for injunction was also transferred to him; hence the principal person who needs to be controlled is in the position to control, again a judge in his own case, though not yet a named party defendant.

## BREACH OF 42 U.S.C. §1983

6. Defendants herein under color of Missouri law, while in breach of it, have threatened and continue to threaten to violate Plaintiffs' right to prevent disclosure in a damaging context under the Constitution of the United States of America.

7. Such a violation of Missouri statutes is so fundamentally unfair as to fly in the face of the Fifth Amendment to the Constitution of the United States of America, as made applicable to the States by the Fourteenth Amendment thereto, in that it deprives Plaintiffs of liberty and property without due process of law. Plaintiffs are deprived of the freedom to maintain a cause of action without grave infringement of their well-established right to be let alone within their sphere of privacy. Missouri and its judiciary are disregarding and violating their own rules.

8. Defendant Daugherty has under color of law deprived Plaintiffs of their cause of action for injunction against unlawful disclosure by transferring the case to the very trial judge named as a party defendant therein, then taking it back as he took an assignment of the underlying case, thus preserving the glaring conflict of interest of being trial judge in the underlying case, while he should be a party defendant in the action for injunction against prohibited disclosures. It is fundamentally unfair to sit as a judge in a case in which one is or should be a party defendant.

9. Declaratory relief for Plaintiffs is unavailable or inadequate.

10. In view of the fact that §191.656 has been enforced in other cases according to its terms and presumably both §191.656 and §191.657 will be enforced as written in at least some future cases, Plaintiffs herein are denied equal protection of the laws by Defendants' unlawful conduct denying Plaintiffs the protections of said provisions.

10. Defendants' conduct aforesaid violates 42 U.S.C. §1983, which provides for injunctive relief and, except for Daugherty, damages and legal fees.

11. Plaintiffs respectfully request that Daugherty be enjoined from enforcing the attached order to the extent it requires the disclosure of materials prohibited to be disclosed under §191.656 of the Revised Statutes of Missouri and that the other Defendants be enjoined from compliance with Daugherty's order to such extent.

12. As the depositions can be transcribed with unlawful material redacted, Defendants are not expected to incur any economic injury, hence no more than a nominal bond should be required. Plaintiffs request that this complaint and all documents involved herein be kept under seal, and represent to the Court that their opposition to the unlawful disclosures does not mean that they are true.

13. Plaintiffs have no other timely and effective remedy against Defendants' unlawful disclosures and redisclosures of material in violation of Sections 191.656 and 191.657 of the Revised Statutes of Missouri.

WHEREFORE, Plaintiffs Elgie L. Long, Sr., Willie A. Long and Elgie L. Long, Jr. pray the Court issue its order enjoining Defendants Cross Reporting Service, Inc., William V. Denton, CSR, the Honorable Jay A. Daugherty, Cari Franke Walsh, Esq. and Rhonda S. Loeppke, Esq., from disclosing prohibited materials as aforesaid in violation

of state law and the Constitution of the United States of America and assess damages and costs, including reasonable attorney's fees, against the appropriate Defendants in the proper measure.

Respectfully submitted,

*[signature]*

ALBERT W. L. MOORE, JR.
Missouri Bar No. 18921
317 West Kansas
Independence, Missouri 64050-3715
(816) 461-0993

ATTORNEY FOR PLAINTIFFS
ELGIE L. LONG, SR., WILLIE A.
LONG AND ELGIE L. LONG, JR.

Oct 13 01 06:13p    Albert Moore                (816) 461-3231              p.9